**E-FILED**
Wednesday, 19 April, 2017 03:33:39 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ANTHONY DAWON TAYLOR, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>JEFFREY KRUEGER )<br>)<br>Respondent. ) | Case No. 1:17-cv-01143-JBM |

## ORDER & OPINION

This matter is before the Court on Petitioner Anthony Taylor's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth below, Petitioner's Petition (Doc. 1) is denied.

### BACKGROUND

In 1996, a jury convicted Petitioner of conspiracy to distribute and possession with intent to distribute crack cocaine, and two counts of distribution of crack cocaine. *See* Order (Doc. 12), *Taylor v. United States*, No. 15-cv-1087-MJR (S.D. Ill. Sept. 29, 2016). Petitioner was found to be a career offender under the United States Sentencing Guidelines § 4B1.1 and was sentenced to a total of 360 months imprisonment and five years of supervised release. *Id*. In 1997, the United States Court of Appeals for the Seventh Circuit affirmed Petitioner's conviction. *Id*. at 2. In 1998, Petitioner filed his first petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, which was denied. *Id*. In 2002, the Seventh Circuit affirmed the denial of his § 2255 petition. *Id*.

In January 2015, Petitioner filed a motion in his criminal case to reduce his sentence under Amendment 782 to the United States Sentencing Guidelines, via 18 U.S.C. § 3582. *Id*. While the motion was pending, the United States Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Id*. The district court allowed supplemental briefing on *Johnson*. The court then denied the Amendment 782 motion. *Id*. Within its order, the court noted that based on the record before it, *Johnson* did not provide a basis for a sentence reduction for Petitioner. *Id*. However, the court noted that the order would not preclude Petitioner from filing a *Johnson*-based § 2255 motion, if he received permission from the Court of Appeals. *Id*. at 3.

On September 18, 2015, the Seventh Circuit authorized Petitioner to file a second § 2255 motion based on *Johnson*. *Id*. Petitioner did so and in it, Petitioner argued that his aggravated battery conviction did not have an element of violent force and therefore could not count as a crime of violence. *Id*. Petitioner also argued that his burglary conviction did not meet the criteria for federal burglary. *Id*.

On September 26, 2016, the court denied the second § 2255 motion. *Id*. at 20. The court found that Petitioner's burglary conviction clearly counted as a predicate offense for career offender purposes. *Id*. at 10. Then the court examined whether Petitioner's Illinois aggravated battery conviction was a proper predicate offense. *Id*. The court analyzed Petitioner's predicate offense under *Mathis v. United States*, 136 S. Ct. 2243 (2016), and found that Petitioner's aggravated battery conviction was a crime of violence for career offender purposes. *Id*. at 11-17. Therefore, because both of Petitioner's convictions qualified as crimes of violence for career offender purposes, the court denied Petitioner's § 2255 motion. On October 27, 2016, Petitioner filed a

motion for reconsideration. *See* Motion (Doc. 14), *Taylor v. United States*, No. 15-cv-1087-MJR (S.D. Ill. Oct. 27, 2016). On January 23, 2017, the court denied Petitioner's motion for reconsideration. *See* Order (Doc. 20), *Taylor v. United States*, No. 15-cv-1087-MJR (S.D. Ill. Jan. 23, 2017). On February 1, 2017, Petitioner filed a notice of appeal. *See* Notice of Appeal (Doc. 25), *Taylor v. United States*, No. 15-cv-1087-MJR (S.D. Ill. Sept. 29, 2016). The appeal is still proceeding.

On April 10, 2017, Petitioner filed this Petition for Writ of Habeas Corpus pursuant to 21 U.S.C. § 2241. (Doc. 1). Petitioner argues that under *Mathis*, his prior conviction for aggravated battery under 720 Ill. Comp. Stat. 5/12-4(b)(8) can no longer qualify as a career offender predicate offense. (Doc. 1 at 7).

## LEGAL STANDARDS

The Court, in its discretion, applies the Rules Governing Section 2254 Cases in the United States District Courts to this case. *See* Rules Governing Section 2254 Cases in the United States District Courts, R 1(b).[1] This includes Rule 4, which requires that the Court "promptly examine" the Petition and dismiss it if it "plainly appears . . . that the petitioner is not entitled to relief." Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has examined the Petition and concludes that Petitioner is not entitled to relief.

Federal prisoners like Petitioner who wish to collaterally attack their convictions or sentences ordinarily must do so under 28 U.S.C. § 2255. *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012). They may petition under 28 U.S.C. § 2241 only in

---

[1] *See also Poe v. United States*, 468 F.3d 473, 477 n.6 (7th Cir. 2006); *Hudson v. Helman*, 948 F. Supp. 810, 811 (C.D. Ill. 1996) (holding Rule 4 takes precedence over the deadlines in 28 U.S.C. § 2243 and gives court discretion to set deadlines).

the rare circumstance in which the remedy provided under § 2255 "is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e) (which is often referred to as "the Savings Clause"). The mere fact that Petitioner's claim would be a second or successive § 2255 motion does not render § 2255 inadequate or ineffective. *See In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998).

In *Davenport*, the Seventh Circuit articulated three conditions that a petitioner must meet in order to invoke the Savings Clause on the basis of a change in law. *Id.* at 610-612. These conditions were recently summarized in *Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013), another case in which a petitioner brought a § 2241 petition based upon a Supreme Court decision interpreting the residual clause of the ACCA. First, a prisoner "must show that he relies on a statutory-interpretation case rather than a constitutional case;" second, he "must show that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion;" and third, "[the] sentence enhancement [must] have been a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding." *Id.* at 586 (citations omitted) (internal quotation marks omitted).

## DISCUSSION

Petitioner's § 2241 fails because he cannot meet the second *Davenport* requirement, in order to invoke the Savings Clause. The second *Davenport* requirement requires Petitioner to show that he relies on a retroactive decision that he could not have invoked during his first § 2255 motion. Petitioner is unable to meet this requirement because *Mathis* was invoked during his authorized second § 2255 motion. Judge Reagan spends almost ten pages addressing Petitioner's conviction

4

under a *Mathis* analysis. *See* Order (Doc. 12), *Taylor v. United States*, No. 15-cv-1087-MJR (S.D. Ill. Sept. 29, 2016). Petitioner could have, and actually did, invoke his claims during a previous § 2255. Therefore, Petitioner cannot meet the *Davenport* requirements to invoke the Savings Clause and cannot bring a § 2241 petition.

## CONCLUSION

For these reasons, the Court finds Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2241. Thus, Petitioner's Petition (Doc. 1) is DENIED pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. IT IS SO ORDERED.

Entered this _19th_ day of April, 2017.

                                                   s/ Joe B. McDade
                                                   JOE BILLY McDADE
                                           United States Senior District Judge