UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ANTHONY D. TAYLOR, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 1:17-cv-01143-JBM |
| | ) |
| JEFFREY KRUEGER | ) |
| | ) |
| Respondent. | ) |

# ORDER & OPINION

This matter is before the Court on Petitioner Anthony Taylor's Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e). (Doc. 4). For the reasons described below, Petitioner's motion is denied.

## BACKGROUND

In 1996, a jury convicted Petitioner of conspiracy to distribute and possession with intent to distribute crack cocaine, and two counts of distribution of crack cocaine. *See* Order (Doc. 12), *Taylor v. United States*, No. 15-cv-1087-MJR (S.D. Ill. Sept. 29, 2016). Petitioner was found to be a career offender under the United States Sentencing Guidelines § 4B1.1 and was sentenced to a total of 360 months of imprisonment and five years of supervised release. *Id.* Petitioner has exhausted his direct appeal and his first petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *Id.*

In September 2015, the United States Court of Appeals for the Seventh Circuit authorized Petitioner a second or successive § 2255 based on *Johnson v. United*

*States*, 135 S. Ct. 2551 (2015). *Id.* The court denied Petitioner's second § 2255. *Id.* at 20. In doing so, Judge Reagan analyzed whether Petitioner's prior Illinois conviction for aggravated battery still qualified as a predicate offense for a career offender designation. *Id.* As part of his analysis, Judge Reagan applied *Mathis v. United States*, 136 S. Ct. 2243 (2016). In *Mathis*, the United States Supreme Court declared that if a state statute sets out a single, or "indivisible," set of elements to define a crime, then a court must use the categorical approach to determine if the state statute's elements match the elements of the federal generic crime. 136 S. Ct. at 2248. If the state statute lists alternative elements, and is therefore "divisible," a court may use the "modified categorical approach." *Id.* at 2250. The "modified categorical approach" allows a court to consult a limited class of documents to determine which crime and what elements were used to convict an offender. *Id.*

In order to determine whether Petitioner had a *Johnson* claim, Judge Reagan dedicated almost ten pages of his opinion to performing a *Mathis* analysis to determine whether Petitioner's prior conviction was a proper career offender predicate offense. *See* Order (Doc. 12), *Taylor v. United States*, No. 15-cv-1087-MJR (S.D. Ill. Sept. 29, 2016). Specifically, Judge Reagan applied *Mathis* to Petitioner's 1994 Illinois conviction for aggravated battery. *Id.* at 15. Judge Reagan determined that the Illinois statute was divisible. *Id.* He then consulted Petitioner's documents to determine that Petitioner was convicted under the "causes bodily harm" prong of the Illinois statute, which qualifies at a crime of violence for career offender purposes. *Id.* at 17. Because Judge Reagan determined that Petitioner's prior aggravated battery conviction was a crime of violence and, therefore, a proper predicate offense

2

for Petitioner's career offender status, Judge Reagan denied Petitioner's second § 2255 motion.

On April 10, 2017, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner argued that under *Mathis*, his prior conviction for aggravated battery under 720 Ill. Comp. Stat. 5/12-4(b)(8) could no longer qualify as a crime of violence for career offender status. (Doc. 1 at 7). This Court denied the Petition because Petitioner failed to meet the second *Davenport* requirement. (Doc. 2 at 4). In *In re Davenport*, the United States Court of Appeals for the Seventh Circuit established three requirements for a petitioner to invoke the Savings Clause of 28 U.S.C. § 2255(e), which allows petitioners bring a § 2241 petition instead of a § 2255 motion. 147 F.3d 605, 609-10 (7th Cir. 1998). The second requirement is that the petitioner must show that he relies on a retroactive decision that he could not have invoked on his first § 2255. Because Judge Reagan applied *Mathis* to conclude that Petitioner's prior aggravate battery conviction was a proper predicate offense, this Court found that Petitioner could not show that he relied on a case that he could not invoke during his previous § 2255 motion. (Doc. 2 at 4).

On April 27, 2017, Petitioner filed this Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e). (Doc. 4). Petitioner argues that he could not have invoked *Mathis* during his previous petition because the Government argued that he lacked jurisdiction to raise it during a § 2255 claim. (Doc. 4 at 2). Petitioner also argues that Judge Reagan held that he could not decide Petitioner's *Mathis* claim. (Doc. 4 at 2). Therefore, Petitioner argues that his claim should still be cognizable as a § 2241 claim.

3

## LEGAL STANDARDS

A request to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant clearly establishes that the court made a manifest error of law or fact, or presents newly discovered evidence. *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995). A manifest error is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotation marks omitted). A movant may not advance in a Rule 59(e) motion arguments he should have raised before judgment was entered. *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 512 (7th Cir. 2007).

## DISCUSSION

Petitioner does not assert that the Court made a manifest error of law or fact; nor does Petitioner present newly discovered evidence. In ruling on his § 2255 motion, Judge Reagan performed a *Mathis* analysis of Petitioner's prior conviction; in fact, he performed the same type of analysis that Petitioner is asking this Court to do in his § 2241 petition. The purpose of the Savings Clause is to allow a petitioner to seek relief when "limitations prevent the prisoner from obtaining relief." *In re Davenport*, 147 at 608. It is not to provide petitioners a second bite at the apple if they do not like the interpretation the first judge provided. In determining Petitioner's § 2255 *Johnson* claim, Judge Reagan performed the exact *Mathis* analysis that Petitioner is currently asking this Court to perform. The Court declines to give Petitioner a second bite at the apple. Therefore, Petitioner has failed to show that he was unable to invoke *Mathis* during his previous § 2255.

Furthermore, the Court finds it irrelevant Petitioner's argument that the Government asserted that Petitioner could not present a *Mathis* argument, because what the Government argues is not the relevant inquiry. Furthermore, the Court finds that Judge Reagan did not hold that Petitioner could not bring a *Mathis* claim, as Petitioner so asserts. Rather, Judge Reagan states that "to the extent that [Petitioner's] motion to reconsider could be construed as mounting a fresh collateral attack on his criminal judgment, it would constitute a successive § 2255 proceeding which he did not obtain authorization from the Court of Appeals to pursue." *See* Order (Doc. 20), *Taylor v. United States*, No. 15-cv-1087-MJR (S.D. Ill. Sept. 29, 2016).

Petitioner has failed to present new evidence or that Petitioner has committed a manifest error of law or fact in determining that Petitioner failed to show that he was unable to invoke *Mathis* in his previous § 2255 motion. Petitioner disagrees with the *Mathis* analysis performed during his Johnson § 2255 motion; however, disagreement is not proof of an inability to invoke the case, sufficient to satisfy the *Davenport* requirements.

## CONCLUSION

IT IS THEREFORE ORDERED that Petitioner's Motion for Reconsideration Pursuant to Federal Rules of Civil Procedure Rule 59 (Doc. 4) is DENIED.

Entered this __1st__ day of May, 2017.

                                                      s/Joe B. McDade
                                                     JOE BILLY McDADE
                                       United States Senior District Judge